Natsag DAVAANYAM; Gombold Amarjargal; Enkhzaya Davaanyam; Buyannemekh Davaanyam, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 11, 2008.

---

Allan A. Samson, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Jesse A. Witten, U.S. Department of Justice, Washington, DC, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON,* District Judge.

MEMORANDUM **

Both the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) properly denied Natsag Davaanyam's and his family's (hereinafter "Petitioners" or collectively "Davaanyam") applications for asylum, withholding of removal, and protection under the Convention Against Torture.

■ The BIA properly upheld the IJ's adverse credibility determination under the clearly erroneous standard. 8 C.F.R. § 1003.1(d)(3)(i); *cf. U.S. v. United States Gypsum Co.,* 333 U.S. 364, 394–96, 68 S.Ct.

---

\* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

525, 92 L.Ed. 746 (1948). A review of the record demonstrates that the inconsistencies in Petitioners' testimony go to the heart of Petitioners' claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Specifically, the IJ found that: (1) Davaanyam admitted that he conformed his testimony to his asylum application; (2) Davaanyam's explanation for the inconsistencies between his testimony and the asylum application contradicted his wife's explanations for the inconsistencies; (3) Davaanyam's testimony and application were inconsistent regarding the type of drug he discovered; (4) Davaanyam's testimony and application presented inconsistent descriptions of the police force that responded to the initial call regarding the drugs and the police force that later arrested and allegedly persecuted him; and (5) Davaanyam's testimony and application were inconsistent in their description regarding where he was taken after being detained in October 2002. These discrepancies go to the heart of the claim and provide substantial evidence to support the IJ's adverse credibility determination. *See, e.g., Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003).

The BIA also properly upheld the IJ's determination that the documents submitted by Petitioners were insufficient to overcome Petitioners' lack of credibility. The IJ properly found that the documents could not establish Petitioners' claims both due to the incredible nature of Petitioners' testimony, and because several of the documents lacked certified translations or were not original. *See Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

The record also demonstrates that the BIA properly denied Petitioners' due process claim alleging that the translator at the hearing before the IJ was incompetent and/or prejudiced the outcome of the hearing. *Cf. Perez–Lastor v. INS,* 208 F.3d 773, 777–80 (9th Cir.2000). Petitioners fail to demonstrate that any of the alleged instances of translation error contributed to the IJ's adverse credibility finding or the denial of Petitioners' claims, or that a different translation would have affected the outcome of the hearing. *See Hartooni v. INS,* 21 F.3d 336, 339–40 (9th Cir.1994). Prior to the hearing, the IJ urged Davaanyam to ask for questions to be repeated or explained in the event he did not understand something, rather than trying to answer an unclear question. Furthermore, when questions of translation arose during the hearing, the IJ thoroughly questioned Davaanyam and the interpreter to ensure the accuracy of the intended meaning and to verify that she understood the central facts of the Petitioners' case correctly.

**PETITIONS DENIED.**